﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190329-7248
DATE: October 31, 2019

ORDER

Service connection for prostate cancer is denied. 

FINDINGS OF FACT

1. The Veteran served on active duty from November 1974 to November 1978.

2. Prostate cancer was not shown in service, is not presumed to be related to service, and is not etiologically related to service.

CONCLUSION OF LAW

Prostate cancer was not incurred in service. 38 U.S.C. §§ 1110, 1116, 1131, 5103(a), 5103A, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

As a procedural matter, the rating decision on appeal was issued in March 2019. Subsequently, in March 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). He selected the Direct Review lane without a Board hearing when he opted in to the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)). Accordingly, the Board’s current review is limited to the evidence of record at the time of the Agency of Original Jurisdiction’s (AOJ’s) March 2019 rating decision.

Service connection may be granted on a direct basis as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303(a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 

Service connection may be granted on a presumptive basis for diseases listed in § 3.309 under the following circumstances: (1) where a chronic disease or injury is shown in service and subsequent manifestations of the same disease or injury are shown at a later date unless clearly attributable to an intercurrent cause; or (2) where there is continuity of symptomatology since service; or (3) by showing that the disorder manifested itself to a degree of 10 percent or more within one year from the date of separation from service. See 38 C.F.R. § 3.307.

The Veteran has generally asserted service connection is warranted for his prostate cancer but has not offered any particular assertion as to how or why it is related to service. 

First, the Veteran has been diagnosed with prostate cancer. Specifically, a January 2019 urology note indicated that a December 2017 MRI showed a diagnosis of prostatic adenocarcinoma. He subsequently underwent a surgical procedure for treatment. Therefore, a current diagnosis has been shown.

As to an in-service incurrence, the service treatment records (STRs) are negative for complaint, treatment, or diagnosis associated with prostate cancer or associated disability. The October 1978 separation examination reflects no reports of any genitourinary problems and his genitourinary system was normal. Therefore, prostate cancer or any symptoms reasonably attributed to it were not shown in service. As such, the medical evidence does not support direct service connection.

The Board has also considered whether presumptive service connection is warranted for prostate cancer under 38 C.F.R. §§ 3.307, 3.309(a); however, the evidence does not support the claim on this basis. Specifically, no chronic disease or injury related to the prostate was shown in service. Therefore, the medical evidence does not support presumptive service connection on a “chronic disease or injury shown in service” basis.

Next, the medical evidence does not support presumptive service connected based on continuity of symptomatology since service. Specifically, prostate cancer was not diagnosed until 2017. As he was discharged in 1978 and symptoms were not identified until 2017 at the earliest, the medical evidence does not support service connection on a “continuity of symptomatology” basis.

Further, the disorder did not manifest itself to a degree of 10 percent or more within one year from the date of separation of service. The Veteran separated from service in 1978 but did not note symptoms until 2017 at the earliest, with treatment beginning that same year. This evidence does not support presumptive service connection on a “manifest within one-year from separation” basis. Therefore, presumptive service connection on any basis is not supported by the medical evidence.

The Board has considered the Veteran’s lay statements that his prostate disorder was caused by service. He is competent to report symptoms because this requires only personal knowledge as it comes to him through his senses. However, he is not competent to offer an opinion as to the etiology of his current disorder due to the medical complexity of the matter involved. 

Such competent evidence has been provided by the service records and clinical evidence obtained and associated with the claims file. Here, the Board attaches greater probative weight to the clinical findings than to his statements. In light of the above, the preponderance of the evidence is against the claim for service connection and there is no doubt to be otherwise resolved. As such, the appeal is denied.

Finally, the Veteran has not raised any other outstanding issues, nor have any other issues been reasonably raised by the record for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

 

L. HOWELL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Grzeczkowicz, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.